IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JUSTIN DEWAYNE KESSLER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No CV-24-092-SPS |
| | ) |
| TRI STATE MOTOR TRANSIT CO. | ) |
| et al., | ) |
| | ) |
| Defendants. | ) |

## ORDER

Before the Court are Defendants' Motions to Quash (Doc. Nos. 56, 72, 73, 74, 77, 79, 82, 92, and 103). For the reasons stated below, Defendants' Motions to Quash are **GRANTED.**

## BACKGROUND

Plaintiff originally filed his Complaint on March 14, 2024, wherein he named eighteen (18) different defendants, some of which appear to have some connection to a matter filed in the Workers' Compensation Commission in the State of Oklahoma. However, there is no method of determining what role any of them played in the claim. No statement is made as to the nature of the claims against any Defendant. On Plaintiff's Cover Sheet to the original Complaint as to the "Cause of Action" he lists numbers in random order with no explanation as to their nature or full citation that would allow Defendants to understand the basis of the claims. The numbers are as follows: "375; 470; 110; 362; 360; 890; 375; 710." There is no statement made identifying any identifiable cause of action.

On Plaintiff's Cover Sheet to the original Complaint, he also checks the "Class Action" box, yet there is nothing in the collected documents to indicate the nature of nor the certification of any "class" notwithstanding how the class was negatively impacted by Defendants. Addressing

the "Complaint" itself under the "Basis of Jurisdiction" (Doc. 2), Plaintiff chooses "Federal Question" then lists numerical designations that provide no notice as to how they apply to any of the defendants. Further, he designates jurisdiction is based on "diversity," but many of the eighteen defendants share the same jurisdiction as Plaintiff.

Plaintiff provides an amount in controversy of "$142,784 OR GREATER "and lists the "FLASE CLAIMS ACT" and "WC CLAIM#CM3-2022-07811W". The Complaint, however, does not contain any explanation, nor does Plaintiff attach anything to the Complaint that assists the Court or the Defendants in determining the relevance of these claims.

Plaintiff subsequently filed an Amended Complaint on March 27, 2024, wherein his basis for jurisdiction is noted to be a federal question. He subsequently identifies random numbers that do not readily correlate with any federal statute, federal treatise, or provision of the U.S. Constitution. When further asked to identify the Statement of Claim, Plaintiff merely states "WC Claim#CM3-2022-07811W All Defendants Involved." (Doc. 9 at p. 10). He then proceeded to attach an additional 28 pages including various documents from a previous Workers' Compensation case. (Doc. 9). This Amended version, however, does nothing to clarify the nature of the suit.

All of the above named defendants have been served with subpoenas for deposition. For the reasons set forth below the motions to quash are **GRANTED.**

## DISCUSSION

The issuance of subpoenas to these Defendants is premature and improper pursuant to Federal Rule of Civil Procedure 26(d)(1), which prohibits parties from seeking discovery from any source before the Rule 26(f) conference. None of the exceptions to Rule 26(d)(1) apply here. *Also see* Fed.R.Civ.P. 30(a)(1)(A)(iii). Additionally, as noted by all parties in their motions to quash

Plaintiff's subpoenas to them, the Subpoenas are insufficient and invalid as they do not contain any date, time, or place for the depositions. Fed.R.Civ.P. 45(a)(1)(A)(iii).

Accordingly, the Court finds Defendant Kenneth R. Trinidad's Motion to Quash (Doc. No. 56), Defendant John Micah Horton Powers' Motion to Quash (Doc. 72), Defendant MRHC Admit Clerk's Motion to Quash (Doc. 73), Defendant McAlester Regional Health Center's Motion to Quash (Doc.74), Defendants Patrick Gannon and Lauren Wallace's Motion to Quash (Doc. 92), Defendant Genex Services Inc.'s Motion to Quash (Doc. 77), Defendants Gallagher Bassett Services, Inc.'s, Ruth Green's, Cheryl Hinkle's, Amanda Parrott's, Daniel R. Stark's, and Tri State Motor Transit Co's Motion to Quash (Doc. 79), Defendants Foshee & Yaffe Law Firm's and Elliot Yaffe's Motion to Quash (Doc. 82), and Defendant Saint Francis Health System's Motion to Quash (Doc. 103) are **GRANTED.**

**IT IS SO ORDERED this 3rd day of June, 2024.**

 

_____
**STEVEN P. SHREDER**
 **UNITED STATES MAGISTRATE JUDGE**